NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELISSA CLOER, M.D.,**
*Petitioner-Appellant,*

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

---

2009-5052

---

Appeal from the United States Court of Federal Claims in 05-VV-1002, Judge Lawrence J. Block.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, CLEVENGER[*], BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

## O R D E R

Respondent-Appellee filed a combined petition for panel rehearing and rehearing en banc. The panel requested a response from Petitioner-Appellant.

---

[*] Judge Clevenger participated only in the decision on panel rehearing.

The petition for rehearing was considered by the panel that heard the appeal,[**] and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll on whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Respondent-Appellee for panel rehearing is denied.

(2) The petition of Respondent-Appellee for rehearing en banc is granted.

(3) The court's May 6, 2010 opinion is vacated, and the appeal is reinstated.

(4) The parties are requested to file new briefs addressing the following three questions:

(a) Should the discovery rule, used for example in medical malpractice cases, *see United States v. Kubrick*, 444 U.S. 111, 120 (1979) and *TRW, Inc. v. Andrews*, 534 U.S. 19, 27-28 (2001), apply to 42 U.S.C. §300aa-16(a)(2) so that the statute of limitations does not begin to run until the claimant has knowledge or reason to know of the cause of her injury?

(b) Should *Brice v. Secretary of Health and Human Services*, 240 F.3d 1367 (Fed. Cir. 2001) be overruled to permit equitable tolling of 42 U.S.C. §300aa-16(a)(2)?

---

[**] Chief Judge Michel, who was on the original merits panel, retired on May 31, 2010 and did not participate in the decision on rehearing.

(c)    If equitable tolling is permitted, do the circumstances of this case support equitable tolling?

(5) This appeal will be heard en banc on the basis of the originally filed briefs and additional briefing ordered herein. The court will determine whether oral argument is appropriate after reviewing the briefs. An original and thirty copies of all originally filed briefs shall be filed within 20 days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Respondent-Appellee's en banc brief is due within 45 days from the date of this order. Petitioner-Appellant's en banc response brief is due within 40 days of service of Respondent-Appellee's new en banc brief, and Respondent-Appellee's reply brief, if any, is due within 15 days of service of Petitioner-Appellant's response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such briefs may be filed without leave of court or the parties' consent but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) If needed, oral argument will be held at a time and date to be announced later.

FOR THE COURT


October 25, 2010                    /s/ Jan Horbaly
_____              _____
        Date                               Jan Horbaly
                                           Clerk

cc: Mari C. Bush, Esq.
    Anisha S. Dasgupta, Esq.