Opinion for the Court filed by Circuit Judge REYNA, in which Circuit Judges NEWMAN, LINN, DYK, MOORE, O’MALLEY, and WALLACH join. Dissenting opinion filed by Circuit Judge BRYSON, in which Chief Judge RADER and Circuit Judges LOURIE, CLEVENGER, GAJARSA, and PROST join.
ON APPLICATION FOR ATTORNEYS’ FEES AND COSTS
REYNA, Circuit Judge.
ORDER
Dr. Melissa Cloer sought compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-l to - 34 (“Vaccine Act”), alleging that her Hepatitis B vaccination caused her multiple sclerosis (“MS”). The Chief Special Master dismissed her petition as untimely, and the United States Court of Federal Claims affirmed. Dr. Cloer appealed, and although she did not ultimately prevail on the merits of her Vaccine Act claim, her appeal prompted a change of law in a limited way that potentially opens the door to certain Vaccine Act petitioners who otherwise would have been precluded from seeking redress.
The court must now decide whether Dr. Cloer is eligible to receive an award of reasonable attorneys’ fees and costs in connection with her appeal. The Vaccine Act provides for the recovery of attorneys’ fees “on a petition filed under section 300aa-ll” when “the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.” 42 U.S.C. § 300aa-15(e)(l). We believe that a petitioner who asserts an unsuccessful but non-frivolous limitations argument should be eligible for a determination of whether reasonable attorneys’ fees and costs incurred in proceedings related to the petition should be awarded. Therefore, we hold that the court has discretion to remand for a determination of whether Dr. Cloer should be awarded reasonable attorneys’ fees and costs.
*1360 I. BACKGROUND
Dr. Cloer was vaccinated for Hepatitis B in 1996 and 1997. Soon thereafter, she developed symptoms of MS. At that time, the medical literature was silent as to any connection between the Hepatitis B vaccination and MS. Several years later, Dr. Cloer learned of such a potential connection for the first time. By then her MS had significantly progressed.
Dr. Cloer filed a petition for compensation under the Vaccine Act. The Chief Special Master dismissed her petition as untimely because it was filed more than 36 months after her first symptom of MS had occurred, and the Court of Federal Claims affirmed. Cloer v. Sec’y of Health & Human Servs., 85 Fed.Cl. 141 (2008). Dr. Cloer appealed, and a panel of this court reversed and remanded, ruling that her petition was not time-barred. Cloer v. Sec’y of Health & Human Servs., 603 F.3d 1341 (Fed.Cir.2010), vacated, 399 Fed.Appx. 577 (Fed.Cir.2010).
Due to the importance of the issues raised by Dr. Cloer, we granted the government’s petition for rehearing en banc to determine the applicability of the statute of limitations to Dr. Cloer’s case. Cloer v. Sec’y of Health & Human Servs., 654 F.3d 1322 (Fed.Cir.2011) (en banc). In Cloer, we held that the Vaccine Act’s statute of limitations is not jurisdictional and that some claims brought under the Vaccine Act are subject to equitable tolling. Id. at 1344. The court rejected a discovery rule but concluded that Dr. Cloer’s claim does not meet those equitable tolling criteria and dismissed her petition as untimely. Id. at 1340, 1344-45. Prior to Cloer, courts treated § 300aa-16(a)(2) as jurisdictional, and applications for attorneys’ fees related to time-barred petitions were dismissed for lack of jurisdiction. In other words, if a petition was untimely, there was no jurisdiction. Cloer rejected that jurisdictional theory.
Dr. Cloer requested an award of reasonable attorneys’ fees and costs incurred in her appeal. The government opposed her request on the ground that the Vaccine Act does not permit such an award in connection with a time-barred claim.
II. Discussion
The Vaccine Act establishes the criteria to be considered in determining whether a petitioner is eligible for attorneys’ fees. Section 300aa-15(e) provides:
(1) In awarding compensation on a petition filed under section 300aa-ll of this title the special master or court shall also award as part of such compensation an amount to cover—
(A) reasonable attorneys’ fees, and
(B) other costs,
incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner’s reasonable attorneys’ fees and other costs incuned in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.
(emphasis added). In sum, attorneys’ fees are available where the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.
This court has not conducted a good faith and reasonable basis analysis of Dr. Cloer’s claim; nor did it require the Special Master or Court of Federal Claims to conduct such an analysis. Dr. Cloer asserted a reasonable limitations argument, and absent a determination that her Vaccine Act petition was not brought in good faith or that the claim for which the *1361 petition was brought lacked a reasonable basis, she should be eligible to receive an award of reasonable attorneys’ fees and costs incurred in proceedings related to her petition.
The statutory language of the Vaccine Act supports our holding. Section 300aa-15(e)(1) provides for the award of reasonable attorneys’ fees and costs arising from “a petition filed under section 300aa-ll.” As § 300aa-ll(a)(l) indicates, “[a] proceeding for compensation under the [Vaccine] Program for [a] vaccine-related injury or death shall he initiated by service upon the Secretary and the filing of a petition...” § 300aa-ll(a)(l) (emphasis added). The Court of Federal Claims and its special masters have “jurisdiction over proceedings to determine if a petitioner under section 300aa-ll of this title is entitled to compensation under the [Vaccine] Program.... ” § 300aa-12(a) (emphasis added). In other words, when a petition is filed, it commences a proceeding over which the Court of Federal Claims has jurisdiction. Unless we conclude that Dr. Cloer’s filing was a “petition filed,” neither we nor the Court of Federal Claims had jurisdiction over her appeal.[2]
The plain language of the statute indicates that Congress chose not to tie the right to attorneys’ fees to compliance with § 300aa-16. Section 300aa-15(e) does not reference § 300aa-16; rather, it refers to “a petition filed under section 300aa-ll.” Nor does the plain language of § 300aa-11(a)(1) require that a petition be timely filed in accordance with § 300aa-16. By contrast, § 300aa-ll(a)(2)(A), which refers to civil actions brought in state or federal court, does require the filing of a petition “in accordance with section 300aa-16.”[3] The absence of an analogous reference to § 300aa-16 in the attorneys’ fees provision suggests that Congress did not intend to require compliance with § 300aa-16 as a prerequisite for the recovery of attorneys’ fees.
Other statutory provisions support this interpretation. Section 300aa-12(b)(l) states that “[i]n all proceedings brought by the filing of a petition under section 300aa-ll(b),” the Secretary shall be named as a respondent and shall participate and be represented in the proceedings. Section 300aa-12(b)(2) requires that within 30 days after receiving service of “any petition filed under section 300aa-11,” the Secretary shall publish notice of the petition in the Federal Register. Section 300aa-12(c)(6)(E) obligates the Chief Special Master to report to Congress the number of “petitions filed under section 300aa-ll” annually. Section 300aa-13(c) defines “record” as the record established on “a petition filed under section 300aa-11.” In referring to “petition[s] filed under section 300aa-ll,” these provisions refer to all petitions, not just those later determined to have been timely filed. Any requirement that naming the Secretary as a party, publishing notice in the Federal Register, reporting to Congress, and creating the record be held at abeyance until a determination is made as to the timeliness of the petition is unreasonable and would have impractical implications.
Section 300aa-15(e) applies to costs “incurred in any proceeding on such petition,” and not solely those fully adjudicated on the merits. Congress made clear that de *1362 nying interim attorneys’ fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act. See Avera v. Sec’y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed.Cir.2008). As we explained in Avera:
[0]ne of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims. Denying interim fee awards would clearly make it more difficult for claimants to secure competent counsel because delaying payments decreases the effective value of awards.... Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.
Id. (emphasis added) (citation omitted); see also H.R.Rep. No. 99-908, at 22 (1986), 1986 U.S.C.C.A.N. 6344, 6363 (“the Committee does not intend ... to limit petitioners’ ability to obtain qualified assistance and intends ... that the court exercise its discretion to award fees [resulting from] non-prevailing, good faith claims.”).
The overarching purpose of the Vaccine Act and the National Childhood Vaccine Injury Compensation Program it created is to award compensation “to vaccine-injured persons quickly, easily, and with certainty and generosity.” H.R.Rep. No. 99-908, at 3. Remedial legislation like the Vaccine Act should be construed in a manner that effectuates its underlying spirit and purpose. See Atchison, Topeka, & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 561-62, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). Our interpretation of the statute fulfills congressional intent and the Act’s legislative purpose. Congress acknowledged that “[l]awsuits and settlement negotiations can take months and even years to complete. Transaction costs — including attorneys’ fees and court payments — are high. And in the end, no recovery may be available. Yet futures have been destroyed and mounting expenses must be met.” H.R.Rep. No. 99-908, at 6. Congress recognized that having to shoulder attorneys’ fees could deter victims of vaccine-related injuries from seeking redress.
Congress did not intend for only prevailing petitioners to receive an award of reasonable attorneys’ fees and costs. To the contrary, compensation on a petition should include “an amount to provide for reasonable attorneys’ fees and other costs incurred in proceedings on the petition. But even where the court does not award compensation on a petition, it may, in its discretion, make such an award for attorneys’ fees and costs if it determines that the action was brought in good faith and that there was a reasonable basis for the claim for which the action was brought.” Id. at 21 (emphasis added).
The statutory language requiring a reasonable basis for the claim for which the petition was brought is broad enough to encompass the statute of limitations issue as well as the underlying merits of the claim. It is beyond dispute that Congress intended attorneys’ fees to be awarded only in cases brought in good faith and where there was a reasonable basis for the claim underlying the petition, even where the petitioner does not prevail. The good faith and reasonable basis requirements apply to the claim for which the petition was brought; this applies to the entire claim, including timeliness issues. Attorneys’ fees should be denied if on remand, it is determined that the petition was not brought in good faith or there was no reasonable basis for the claim for which the petition was brought.
Finally, Dr. Cloer deserves a determination as to whether she is eligible to receive attorneys’ fees because her appeal inspired a shift in vaccine jurisprudence. Indeed, the government does not dispute *1363 the reasonableness of Dr. Cloer’s underlying claim or allege that it was not brought in good faith, which is generally presumed. The confines of the Vaccine Act make clear that a petitioner need not prevail to receive attorneys’ fees.
The dissent contends that Dr. Cloer is not entitled to attorneys’ fees as a matter of law and creates a rigid rule applicable to requests for attorneys’ fees in vaccine cases where the petitioner’s claim is rejected solely on limitations grounds. Cloer overruled our precedent treating the statute of limitations as jurisdictional and did not endorse the underlying statutory interpretation of such cases. Rather, it eliminated the entire bases for such opinions. Despite this, the dissent would treat Dr. Cloer’s petition under a pre-Cloer analysis by retroactively eliminating jurisdiction to award attorneys’ fees in connection with an unsuccessful statute of limitations argument.
The dissent, primarily in footnote one, argues that § 12 vests the Court of Federal Claims and special masters with jurisdiction to determine whether a petitioner is eligible to file a petition, even if the petition is later deemed untimely. See Dis. Op. at 1365 n. 1. This construction of “petition filed” for purposes of § 300aa-15(e) is inconsistent with the language of the Vaccine Act. Because § 300aa-16(a) states that “no petition may be filed” if it is untimely, the dissent creates a distinction between a “filing a petition” for purposes of § 300aa-ll and a “petition filed” for purposes of § 300aa-15(e) and other statutory provisions. Under this reasoning, an untimely filed petition is a “petition” sufficient to commence proceedings but is not a “petition filed” for purposes of § 300aa-16 and § 300aa-12. Such a distinction between “petitions” and “petitions filed” leads to absurd results, namely that neither this court nor the Court of Federal Claims had jurisdiction over Dr. Cloer’s petition.
The dissent also contends that Dr. Cloer is not entitled to attorneys’ fees because the Vaccine Act requires an evaluation of the reasonableness of the claim for which the petition was brought, which indicates that Congress did not contemplate awarding attorneys’ fees in a ease that never reached a merits determination. See Dis. Op. at 1365-66. However, as explained above, § 300aa-15(e) explicitly refers to fees “incurred in any proceeding on such petition,” including non-frivolous petitions ultimately unsuccessful on limitations grounds. Holding that attorneys’ fees are only available where a petition has been subjected to a final adjudication on the merits is also inconsistent with the recognized practice of awarding interim attorneys’ fees, which by definition does not require a final adjudication on the merits.
The dissent claims that “the legislative history of the Vaccine Act is silent as to the reason for the Act’s highly unusual attorney fee provision” and goes on to speculate on Congress’s motivation for departing from the typical American Rule of fee awards. See Dis. Op. at 1366 (“It may well be that Congress concluded ... ”); id. (“Congress could well have concluded ... ”). Such speculation is unnecessary, however, in light of the remedial nature of the Vaccine Act and Congress’s intent to facilitate awards to injured parties.
The dissent advocates adoption of a strict rule that strips discretion from the court and in so doing disregards the Vaccine Act’s spirit and purpose. The dissent’s interpretation would discourage potential Vaccine Act petitioners from pursuing claims and ignores that potential petitioners will likely be reluctant to bring claims under the Vaccine Act for fear of significant financial risk even when strong arguments exist to challenge *1364 the applicability of the statute of limitations.
III. Conclusion
This Order recognizes that issues relating to the award of attorneys’ fees in connection with challenges brought on limitations grounds will frequently arise in vaccine injury cases. Under Cloer, the Vaccine Act does not incorporate a discovery rule, and the statute of limitations begins to run on “the calendar date of the occurrence of the first medically recognized symptom or manifestation of onset of the [claimed] injury,” subject to the doctrine of equitable tolling. Cloer, 654 F.3d at 1325, 1340, 1344-45. If a discovery rule were adopted, as Dr. Cloer now urges in the Supreme Court, the limitations inquiry in vaccine injury cases would then become when the claimant first discovered or should have discovered the potential cause of the disease or injury, rather than when the claimant first experienced symptoms.[4] Under either view, a petitioner may become embroiled in litigation regarding the statute of limitations, and today’s order will enable reasonable claims for attorneys' fees arising from that litigation.
A petitioner who asserts an unsuccessful but nonfrivolous limitations claim should be eligible for a determination of whether reasonable attorneys’ fees and costs incurred in proceedings related to his or her petition should be awarded. Therefore, we remand for a determination as to whether Dr. Cloer’s petition was brought in good faith and whether the claim for which her petition was brought had a reasonable basis.
Accordingly,
It Is OrdeRed That:
Dr. Cloer’s application for reasonable attorneys’ fees and costs be remanded to the Court of Federal Claims. The Court of Federal Claims is directed to make a determination consistent with this Order.

. This interpretation is also consistent with Vaccine Rule 2, which states that “[a] proceeding for compensation under the Vaccine Act is commenced by filing a petition" but does not explicitly require that the petition be filed in compliance with § 300aa-16.

. Section 300aa-l 1(a)(2)(A) provides: "No person may bring a civil action for damages ... in a State or Federal court for damages arising from a vaccine-related injury or death ... unless a petition has been filed, in accordance with section 300aa-16 of this title_"

. Dr. Cloer filed a petition for certiorari in the United States Supreme Court on December 29, 2011.