# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-200V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MARIO CARUSO,                       *          Special Master Corcoran
                                    *
             Petitioner,            *          Filed:   October 22, 2015
                                    *
v.                                  *
                                    *          Attorney's Fees and Costs;
SECRETARY OF HEALTH                 *          Interim Awards of Expert Costs;
AND HUMAN SERVICES,                 *          Timing of Costs Requests
                                    *
             Respondent.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION DENYING REQUEST FOR INTERIM COSTS[1]

Mario Caruso filed this petition on March 2, 2015, alleging that he has suffered acute disseminated encephalomyelitis ("ADEM") after receipt of the influenza vaccine, and seeking compensation under the National Vaccine Injury Compensation Program [hereinafter, the "Vaccine Program" or "Program"].[2] Since that time, Petitioner has filed medical records, and Respondent submitted a Rule 4(c) report contesting Petitioner's entitlement to damages (ECF No. 14), but no expert reports have been filed in the matter.

On September 18, 2015, Mr. Caruso filed a request for interim costs. ECF No. 16. In it, he asks for an award of $2,000 to reimburse his incurred expense of retaining an expert in this matter.[3]

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] Petitioner's deadline to file an expert report was originally set for August 31, 2015 (*see* June 16, 2015 Scheduling Order (no docket number)), but Petitioner has since been provided two extensions of time in which to file the report, which is now due on or before November 30, 2015.

As justification for this request, Petitioner references the fact that (as of the time of the filing of the costs petition) his counsel (the law firm of Conway, Homer & Chin-Caplan, P.C. [hereinafter, the "Homer Firm"]) was embroiled in a dispute with Respondent's counsel at the Department of Justice over the proper hourly rate that Homer Firm attorneys should be paid for their work in Vaccine Program cases. Because the Homer Firm feared at that time that it could not "operate business as usual" (Costs Pet. at 3), given that its fee dispute was preventing it from obtaining sums necessary to operate, it opted to ask for reimbursement of these costs immediately after they were incurred.

Respondent weighed in on the merits of Petitioner's costs requests on September 24, 2015. ECF No. 17 [hereinafter, "Response"]. While not opposing the request in substance, Respondent pointed out that (since the case has not yet been adjudicated) any costs award at this juncture would require a determination of the claim's reasonable basis. *See* Section 15(e). Respondent also invoked the factors set forth by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008), which include determining if the matter has been protracted, or has involved the retention of "costly experts." Response at 2. No reply was filed by Petitioner.

It is plainly the case that interim fees and costs awards are available to Vaccine Program petitioners. *Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352; *see also McKellar v. Sec'y of Health and Human Servs.*, 101 Fed. Cl. 297, 302 (2011). However, although there is debate as to how the factors set forth in *Avera* are to be applied, at bottom the appropriateness of an interim award is a matter left to the special master's discretion. *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* as setting a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad **discretion** to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

Here, I find in the exercise of my discretion that an interim costs award is not appropriate. First, Petitioner's primary basis for the request – the Homer Firm's dispute with Respondent over attorney hourly rates – appears to have been resolved by Special Master Gowen's recent decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Homer Firm's concerns that the delay in resolving fee disputes with Respondent was jeopardizing their representation of Mr. Caruso herein have been greatly lessened (if not fully addressed) since the issuance of that decision.

Second, I find this costs request premature under the circumstances. This case was initiated a little over seven months ago, and thus hardly fits the definition of a "protracted" matter. Moreover, the sum requested is (in litigation terms) relatively modest, and therefore does not reflect the kind of incurred cost that (when considering the Program's policy goals of encouraging

petitioners to bring claims) cries out for prompt reimbursement. *See Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *15 (Fed. Cl. Spec. Mstr. Aug. 27, 2013) ("[a] petitioner or petitioner's counsel who has expended $100,000 in expert costs in a case that may be on review or appeal for several more years certainly presents a more compelling case for an interim award than one who has only a $1,000 expert retainer cost outstanding"). Petitioner's motion does not otherwise adequately establish that he will experience hardship absent immediate reimbursement of this expert retainer cost.

Depending on this case's course, it is likely that at some time in the future the requested retainer sum would be appropriately requested and awarded.[4] But, under the present circumstances, Petitioner will not be unreasonably prejudiced by having to wait for that day to come. I therefore **DENY** Petitioner's interim costs request.

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] The amount of costs awarded will, of course, be dependent on their reasonableness; more generally, the reasonable basis for the claim itself will also bear on the availability of any fees and costs award. But I do not reach such matters in rendering this decision.