# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * **

| | | |
|---|---|---|
| AMY N. HEDDENS, | * | No. 15-734V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: November 10, 2016 |
| v. | * | |
| | * | Attorneys' fees; interim award not |
| SECRETARY OF HEALTH | * | appropriate |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner;
Christine Becer, United States Dep't of Justice, Washington, DC, for respondent;
Kelly D. Burdette, Burkett & Burdette, Seattle, WA, former counsel for petitioner.

### UNPUBLISHED DECISION DENYING
### INTERIM ATTORNEYS' FEES AND COSTS[1]

Represented by Kelly Burdette, Ms. Heddens filed a petition on July 15, 2016.  Less than one year later, on June 10, 2016, Ms. Heddens filed a motion requesting an award of attorneys' fees and costs on an interim basis.  The Secretary opposed the motion.  For reasons explained below, the motion for attorneys' fees and costs is DENIED WITHOUT PREJUDICE.

In the Vaccine Program, as a matter of law, petitioners may receive awards of attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  However, not every

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

petitioner qualifies for an interim award, and special masters are granted discretion in determining whether an award on an interim basis is appropriate.  Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis).  The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis.  These include:  "protracted proceedings," "costly experts," and "undue hardship."  Avera, 515 F.3d at 1352.  This list is illustrative, not exhaustive.

Here, these factors do not balance in favor of an award of attorneys' fees and costs now.  The litigation is moving at a typical pace, and Ms. Heddens, while Ms. Burdette represented her, did not retain an expert.  The best reason for payment of fees on an interim basis is that the law firm that originally represented her dissolved and a new law firm represents Ms. Heddens.  However, an attorney's choices about how to operate a law practice do not, by themselves, constitute persuasive reasons for paying fees on an interim basis.  For a more extended discussion, see Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2016 WL 3545769 (Fed. Cl. Spec. Mstr. June 3, 2016).

This decision's denial of an award of attorney's fees and costs now does not constitute a denial of fees and costs entirely.  If the litigation becomes protracted, Ms. Heddens may wish to request, again, an award of attorneys' fees and costs on an interim basis.  Alternatively, Ms. Heddens may defer a motion for attorneys' fees and costs until the end of the case.

ACCORDINGLY, the following is ordered:

1. The May 24, 2016 motion for attorneys' fees and costs is DENIED WITHOUT PREJUDICE.

2. Consistent with 42 U.S.C. § 300aa–12(d)(4) and Vaccine Rule 18, after this decision becomes publically available, the Clerk's Office is instructed to provide a courtesy copy of this decision to Ms. Hedden's former attorney by electronic means.

3. Other deadlines remain in effect.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master