# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-1128V

Filed: November 10, 2016

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KATHLEEN HEYER, | * | **UNPUBLISHED** |
| | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | *Pro Se* Costs; Reasonable Basis. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Kathleen Heyer, *pro se*.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 6, 2015, Kathleen Heyer ("Petitioner") petitioned *pro se* for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of an influenza ("flu") vaccine on October 8, 2012 caused her to suffer ongoing diffuse inflammation. Petition at Preamble, filed Oct. 6, 2016. An initial status conference was held on December 1, 2015 in which Petitioner was ordered to file medical records in support of her claim by February 2, 2016. *See* Order, ECF No. 7, filed Dec. 4, 2015. However, through informal communication on December 14, 2015, Petitioner notified

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

the court that she wished withdraw her claim. A status conference was held on January 13, 2016 to discuss Petitioner's request and options for exiting the Program. *See* Order, ECF No. 9, filed Jan. 15, 2016.

On February 1, 2016, Petitioner filed a *pro forma* motion for a decision dismissing her petition, stating "[a]n investigation of the facts and science supporting [her] case has demonstrated to petitioner that [she] will be unable to prove that [she] is entitled to compensation in the Vaccine Program." Motion at ¶ 1, filed Feb. 1, 2016. A decision dismissing this case for insufficient proof was issued on February 4, 2016.

Thereafter, Petitioner filed a motion for reimbursement of the filing fee and mailing costs in the amount of $484.13. Respondent filed a response in opposition to Petitioner's motion on August 1, 2016. Respondent argued that "in the absence of any evidence supporting the claim for which the petition was brought, the special master has no basis from which to determine that the instant claim had a reasonable basis and was filed in good faith," pursuant to 42 U.S.C. § 300aa-15(e)(1). Response to Motion at 1, filed Aug. 1, 2016. Respondent averred that she had no opposition to the amount claimed, rather the issue was "purely a legal one" of "whether the law empowers the court to pay this request as reasonable as it may be." *Id.* at 3. According to Respondent, as the reasonable basis standard is met by submitting evidence, and Petitioner did not submit any evidence in this case, "there is simply no foundation for respondent, or the court, to sensibly conclude that a reasonable basis existed for the claim for which the petition was brought." *Id.* at 5.

A status conference was held on September 7, 2016 to discuss this issue. During the status conference, Petitioner stated that she had medical records indicating she was advised by her doctor to no longer receive flu vaccines because she experienced an adverse reaction to the flu vaccination at issue in this case. Petitioner was ordered to file these medical records to support the reasonable basis requirement for an award of litigation costs. *See* Order, ECF No. 17, filed Sept. 8, 2016.

On September 15, 2016, Petitioner filed a supplemental motion for reimbursement of costs in the amount of $484.13, along with two records from The Gosh Center for Oncology and Hematology, filed as exhibit one. Respondent did not file a response to Petitioner's supplemental motion.

This case is now ripe for a decision on Petitioner's motion for reimbursement of costs.

I.      **Discussion**

Section 15(e) of the Vaccine Act provides that reasonable attorneys' fees and other costs

shall be awarded as part of compensation to a successful petitioner. However, on a petition that is unsuccessful on entitlement, reasonable attorneys' fees and costs may be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1).

Congress vested the special master with discretion in awarding attorneys' fees and costs to unsuccessful claimants and "plainly contemplat[ed] that not all petitioners would recover fees and costs." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). At the same time, the special master's discretion is tempered by the remedial nature of the Vaccine Act. *See Cloer v. Sec'y of HHS*, 675 F.3d 1358, 1362 (Fed. Cir. 2012) (declaring on the question of whether Petitioner was eligible to receive an award of attorneys' fees and costs that "[r]emedial legislation like the Vaccine Act should be construed in a manner that effectuates its underlying spirit and purpose").

With regard to the good faith requirement, the Court of Federal Claims has observed that petitioners "are entitled to a presumption of good faith." *Grice v. Sec'y of HHS*, 36 Fed. Cl. 114, 121 (1996). As to the existence of a reasonable basis for filing the claim, the Vaccine Act "grants to the special master maximum discretion in applying the standard." *Silva v. Sec'y of HHS*, 108 Fed. Cl. 401, 402 (2012). "Reasonable basis is an objective standard determined by the totality of the circumstances," and "is something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano*, 116 Fed. Cl. at 286-87.

Here, the undersigned finds no bad faith on the part of Petitioner to rebut the presumption of good faith. The undersigned also finds there was a reasonable basis to bring this claim, based on the records petitioner provided to support her request for reimbursement of costs. Petitioner's exhibit one is comprised of signed and dated prescriptions from Dr. Chirantan Ghosh. The oldest record states: "recommend not to receive flu vaccine," and is dated July 24, 2013—nine months after the alleged administration of the vaccine at issue. Petitioner's Exhibit 1, ECF No. 18. The second record from Dr. Ghosh states: "Please do not administer influenza vaccine due to prior reaction to vaccine that patient is currently still being treated for." *Id.* This record was made on September 24, 2015, twelve days before the petition was filed in this case. Both of these records indicate that a medical provider recognized that the Petitioner suffered an adverse event related to a flu vaccination, and that Petitioner was advised to no longer receive flu vaccines. While these records are certainly not sufficient to preponderantly establish entitlement to compensation from the Program, when considering "something less than" that standard and the *de minimis* amount in question, these records do establish that Petitioner had a reasonable basis to bring a claim.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned finds that Petitioner's request for costs is reasonable. **Accordingly, Petitioner is hereby awarded the**

**amount of $484.13, in the form of a check made payable to Petitioner, Kathleen Heyer.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

       **IT IS SO ORDERED.**


                    /s/ Lisa D. Hamilton-Fieldman
                    Lisa D. Hamilton-Fieldman
                    Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).