# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-906V

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
JOHN PHILLIPS,                                    *
                                                  *
                Petitioner,                       *   Special Master Katherine E. Oler
                                                  *
                                                  *
v.                                                *
                                                  *
                                                  *   Filed: May 16, 2019
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *   Interim Attorneys' Fees and Costs;
                                                  *   Expert Costs
                Respondent.                       *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Michael A. Firestone*, Marvin Firestone, MD, JD & Associates LLP, San Mateo, CA, for Petitioner.

*Voris E. Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM EXPERT WITNESS COSTS[1]

On July 29, 2016, John Robert Phillips ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he developed chronic idiopathic thrombocytopenic purpura ("ITP") as a result of the intranasal influenza ("flu") and/or intramuscular injection of the Human Papillomavirus ("HPV") vaccinations administered on November 20, 2013. *See* Pet., ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This matter was initially assigned to former Special Master George Hastings and then re-assigned to Special Master Brian Corcoran on October 10, 2017, before being assigned to my docket on December 5, 2017.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Along with his medical records, Petitioner filed an expert report authored by Dr. S. Sohail Ahmed on August 4, 2016. Ex. 10, ECF No. 6. Respondent filed his Rule 4(c) Report on November 25, 2016 recommending that compensation be denied. ECF No. 12. With his Report, Respondent included two expert reports by Dr. Neil Romberg and Dr. Joan Gill. Exs. A, C; ECF No. 13. Petitioner then filed two responsive letters by Dr. Ahmed on January 12, 2017 and January 30, 2017. Ex. 27, ECF No. 19; Ex. 38, ECF No. 22. On October 16, 2017, Petitioner filed an additional expert report authored by Dr. Yehuda Shoenfeld. Ex. 40, ECF No. 31. Respondent then filed an expert report by Dr. John Strouse, Ex. E, ECF No. 44, on October 9, 2018 and a supplemental expert report by Dr. Neil Romberg on November 7, 2018. Ex. G, ECF No. 46. In response, Petitioner filed a supplemental rebuttal letter by Dr. Ahmed on December 13, 2018. Ex. 69, ECF No. 50.

## I.      The Instant Motion

On December 6, 2018, Petitioner filed an application for interim attorneys' costs, specifically expert witness costs, requesting a total of $43,880.00: $30,380.00 for Dr. Ahmed, $8,500 for Dr. Shoenfeld, and $5,000.00 for Petitioner who paid $3,000 to Dr. Ahmed and $2,000 to Dr. Shoenfeld in retainer fees. *See* Pet'r's Mot., ECF No. 47. Petitioner is not seeking interim attorneys' fees at this time. *Id.*

Respondent filed a response to Petitioner's application on December 7, 2018. Resp't's Resp., ECF No. 48. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to [me] to determine whether or not petitioner has met the legal standard for an award of interim fees and costs" in this case. *Id.* at 2. Additionally, he "respectfully requests that [I] exercise [my] discretion and determine a reasonable award for [P]etitioner's expert witness costs, if any at this time." *Id.* at 3. Respondent has not raised any issue with respect to reasonable basis. *See* Resp't's Resp.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application, awarding a total of **$36,380.00** in costs.

## II.      Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Federal Circuit has held that "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow

special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel.").

By the time an entitlement hearing may be scheduled in this case, Petitioner, and her counsel, will have been litigating this claim for more than three years. Thus, I find it reasonable to award interim costs at this juncture to avoid undue hardship for Petitioner and his expert witnesses.

### III.     Reasonable Expert Witness Costs

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for this claim. *See* Resp't's Resp. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim expert witness costs, I will award Petitioner's reasonable interim costs in this instant decision.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner requests a total of $43,880.00 in expert costs; $33,380.00 for Dr. Ahmed's time and $10,500.00 for Dr. Shoenfeld's time. Pet'r's Mot., ECF No. 47. Of this, Petitioner has paid the experts retainer fees, totaling $5,000.00 in out-of-pocket expenses. *Id.*

### A.  Petitioner's Expert costs for Dr. S. Sohail Ahmed

### i.  Expert Hourly Rate

Petitioner requests costs for the work performed by Dr. S. Sohail Ahmed as an expert in this case. Dr. Ahmed billed at a rate of $500 per hour for a total of $33,380.00. *See* Pet'r's Mot. at 1-2. In examining his invoice entries and taking into account Dr. Ahmed's qualifications and expertise

in applicable fields of study, I find Dr. Ahmed's requested rate to be appropriate. Dr. Ahmed's rate of $500 per hour has been previously deemed as such by Special Master Millman. *See Horvath v. Sec'y of Health & Human Servs.*, No. 15-260V, 2018 WL 4868767 (Fed. Cl. Spec. Mstr. Aug. 28, 2018). Accordingly, I will award Dr. Ahmed an hourly rate of $500.

## ii. Time Expended by Expert

Petitioner submitted five invoices detailing the work Dr. Ahmed has performed in this case. The first invoice includes the work Dr. Ahmed performed for the initial expert report, totaling 30.55 hours. Pet'r's Mot. at 3. The second and third invoices pertain to the time Dr. Ahmed spent preparing his response to Respondent's experts Dr. Gill and Dr. Romberg, totaling eight hours. *Id.* at 4-5. The fourth invoice includes the time Dr. Ahmed spent in preparing an update on Petitioner's condition, totaling 7.69 hours. *Id.* at 6. The fifth invoice submitted by Dr. Ahmed outlines the work and time spent preparing his final "rebuttal" letter, totaling 20.52 hours. *Id.* at 7-8.

As articulated in *Floyd v. Sec'y of Health & Human Servs.*, a request for expert costs should mirror that of an attorneys' fees, and experts should submit invoices that detail with particularity the amount of time spent on each task. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). A failure to do so may result in a reduction of hours awarded.

Dr. Ahmed's initial report consists of a total of eight pages, two of which contain introduction and background, one is a signature page, and one is a list of 15 references. Ex. 10, ECF No. 6. The substantive portion of his opinion consists of four pages. *Id.* at 3-6. Dr. Ahmed seeks compensation for a total of 30.55 hours at an hourly rate of $500. Pet'r's Mot. at 3. Dr. Ahmed details the dates and times spent on each task.[4] *Id.* Notably, Dr. Ahmed claims 4.15 hours for "reviewing exhibits and extracting data," 3.25 hours for "drafting opinion document/identifying references," 5.15 hours for "consolidating references and adding additional exhibits," and 1.25 for "downloading PDFs of references," a total of 13.8 hours. *Id.* I find the request for 13.8 hours to be reasonable. However, Dr. Ahmed seeks an additional 16.75 hours for "refining opinion document." *Id.* I find Dr. Ahmed's request for the additional 16.75 hours in order to write four substantive pages to be excessive. In so finding, I note that four paragraphs in the report were identical to those in Dr. Ahmed's report in *Horvath*, No. 15-260V. Accordingly, I reduce Dr. Ahmed's request for 16.75 hours by six hours. I therefore will compensate him for a total of 24.55 hours for his initial report.

Dr. Ahmed seeks payment for a total of eight hours of work for preparing his 3.5-page letter in response to Respondent's experts. Pet'r's Mot. at 4-5; Ex. 27, ECF No. 19. He claims six hours for "reviewing response letters from Dr. Gill and Dr. Romberg, their exhibits, and preparing my response letter." Pet'r's Mot. at 4. Dr. Ahmed claims an additional two hours for "searching for additional references, adding citations, and finalizing response letter." *Id.* at 5. I note that Dr. Ahmed cites only two articles, one of which he co-wrote. Ex. 27 at 5. I find eight hours to be unreasonable and reduce it by two hours, compensating Dr. Ahmed for a total of six hours for his responsive letter.

---

[4] I note that the sum of the time ranges listed and the total hours claimed do not match up. I will, nevertheless, conduct my analysis based on the total hours claimed for each task.

Dr. Ahmed's third submission is an update on Petitioner's condition and although it spans three pages, it contains a single page of substantive, relevant content. Ex. 38, ECF No. 22. For this document, Dr. Ahmed seeks compensation for 7.69 hours of work. Pet'r's Mot. at 6. He claims 2.45 hours for "reviewing medical records (2016-2017) and publications on ITP and fatigue, educational transcript, and updated symptom log provided by Petitioner's mother." *Id.* I note that the records reviewed by Dr. Ahmed total approximately 157 pages. Exs. 30-34, ECF No. 20. Dr. Ahmed worked an additional 1.55 hours on "drafting of opinion letter on ITP and symptoms of fatigue being experienced by Petitioner." Pet'r's Mot. at 6. According to the invoice, Dr. Ahmed seeks compensation for another 3.69 hours worked for "review[ing] Exhibits 35 and 36 and work[ing] on finalizing opinion letter." *Id.* I note that Exhibits 35 and 36 are a total of six pages. Exs. 35-36, ECF No. 21. I find 7.69 hours unreasonable for arguably a single-page document and I, therefore, reduce Dr. Ahmed's request by two hours, to a total of 5.69 hours.

Finally, Dr. Ahmed seeks compensation for a total of 20.52 hours of work for his fourth rebuttal submission. Pet'r's Mot. at 7-8. His rebuttal letter consists of six pages, including a references list. Ex. 69, ECF No. 50. Dr. Ahmed seeks compensation for 11.65 hours of work for reviewing Dr. Strouse's and Dr. Romberg's reports and their exhibits, approximately 260 pages in total. *Id.*; Ex. E, ECF No. 44; Ex. G, ECF No. 46. His invoice details an additional 3.77 hours for "extraction of key arguments from Strouse [e]xpert [r]eport and drafting of [r]ebuttal letter" and 5.1 hours for "extraction of key arguments from Romberg [s]upplemental [r]eport and [f]inalizing [r]ebuttal letter." Pet'r's Mot. at 7-8. In reviewing Dr. Ahmed's final rebuttal letter, I note that the majority of the five-page document consists of paragraphs identical to those contained in his previous submissions in this case. *See generally,* Ex. 10, ECF No. 6; Ex. 27, ECF No. 19; Ex. 38, ECF No. 22. I find 20.52 hours to be unreasonable for the resulting product and I reduce Dr. Ahmed's request by five hours, to a total of 15.52.

### B. Petitioner's Expert costs for Dr. Yehuda Shoenfeld

#### i. Expert Hourly Rate

Petitioner requests costs for the work performed by Dr. Yehuda Shoenfeld as an expert in this case. Dr. Shoenfeld billed at a rate of $500 per hour for a total of $10,500.00. *See* Pet'r's Mot. at 9. In examining his invoice entries and taking into account Dr. Shoenfeld's qualifications and expertise in applicable fields of study, I find Dr. Shoenfeld's requested rate to be appropriate. Dr. Shoenfeld's rate of $500 per hour has been previously deemed as such by Special Master Corcoran. *See Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2018 WL 3991262 (Fed. Cl. Spec. Mstr. July 3, 2018). Accordingly, I will award Dr. Shoenfeld an hourly rate of $500.

#### ii. Time Expended by Expert

Petitioner submitted one invoice detailing the work Dr. Shoenfeld has performed in this case. The invoice includes the work Dr. Shoenfled performed for both his initial expert report and his report in response to Dr. Strouse. Pet'r's Mot. at 9. For work in preparing both reports and reviewing the necessary materials, Dr. Shoenfeld seeks compensation for a total of 21 hours; 10 hours for "[r]eading the material," five hours for "[w]riting the [initial] report," and six hours for

"[w]riting the response to Dr. John Strouse." *Id.* I find his request to be reasonable.

### IV. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim cost awards, and based on the foregoing, **I GRANT IN PART** Petitioner's Interim Motion, as follows:

| Expert | Amount Requested | Hours Requested | Reduction | Hours Awarded | Total Awarded |
|---|---|---|---|---|---|
| Dr. S. Sohail Ahmed | $33,380.00 | 66.76 | $7,500.00 | 51.76 | $25,880.00 |
| Dr. Yehuda Shoenfeld | $10,500.00 | 21 | $0 | 21 | $10,500.00 |
| | | | | Grand Total: | **$36,380.00** |

Dr. Ahmed shall receive $22,880; $25,880 minus the $3,000 retainer fee paid by Petitioner. Dr. Shoenfeld shall receive $8,500; $10,500 minus the $2,000 retainer fee paid by Petitioner. Petitioner shall receive $5,000 he paid in retainer fees.

I therefore award a total of **$36,380.00** in interim costs as follows:

1. **$31,380.00** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Mr. Michael A. Firestone, Esq.; and,

2. **$5,000.00** as a lump sum in the form of a check payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

Any questions regarding this Order may be directed to my law clerk, Ahmed Almudallal, by email at Ahmed_Almudallal@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.