# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-439V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
LEIGH ROLSHOVEN, as the court-          *
appointed Guardian and Conservator of   *        Special Master Corcoran
HANNAH HUELSENBECK,                      *
                                         *
              Petitioner,                *
                                         *
                                         *        Dated: October 19, 2017
v.                                       *
                                         *        Attorney's Fees and Costs;
                                         *        Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka,* Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 22, 2014, Leigh Rolshoven filed a petition, on behalf of Hannah Huelsenbeck, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Ms. Huelsenbeck suffers from headaches, idiopathic intracranial hypertension, abducens nerve palsy, and closed brain injury as a result of receiving the human papilloma virus and Hepatitis A vaccines. Petition ("Pet.") (ECF No. 1) at 8. An

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

entitlement hearing was held on May 11-12, 2017, in Washington, DC, and a decision in the matter is pending.

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $121,683.65 (representing $83,114.96 in attorney's fees, and $38,690.73 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed Oct. 3, 2017 (ECF No. 62) ("Interim Fees App."). In addition, Petitioner states that she has incurred $2,281.68 of personal costs in connection with this proceeding. Interim Fees App. at 3. Respondent did not file a response to the motion.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$120,805.69**. Further, I award separate costs payable to Leigh Rolshoven in the amount of **$2,281.68.**

## Procedural History

This action has been pending for roughly three and one-half years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Mark Sadaka, Esq., began working on the matter on June 4, 2012, two years before the case was filed. *See* Interim Fees App. at 12. The case thereafter proceeded efficiently, with Petitioner filing her medical records, statement of completion, and amended petition by December 2014. Respondent filing his Rule 4(c) Report on February 10, 2015. ECF No. 20.

During the following two years, the parties filed initial and responsive expert reports. I subsequently set the matter for an entitlement hearing on May 11-12, 2017, which was held as scheduled. ECF No. 35.

Petitioner filed the present interim request for an award of attorney's fees and costs on October 3, 2017. *See generally* Interim Fees App. Petitioner specifically requests that her attorney, Mark Sadaka, receive $337.05 per hour for work completed in 2012-2013, $350 for work completed in 2014-2015, and $362.95- $376.38 for 2016-2017, respectively.[3] *Id.* at 3. Petitioner also requests that associates at Mr. Sadaka's firm receive hourly rates of $192.60, $200, $207.40, $215.07, and $223.03 for work performed from 2012-2017, respectively. *Id.* For the work of paralegals, Petitioner requests compensation at a varying hourly rate of $125.19-$145.17 for work

---

[3] The interim fee application noted that any increases in Mr. Sadaka's hourly rate were based on a 3.7 percent inflation adjustment. *See* Interim Fees App. at 3. The special masters, however, have found the Producer Price Index-Office of Lawyers ("PPI-OL") to be more persuasive as a measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedules 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Oct. 11, 2017). In this instance, the adjusted hourly rates using the PPI-OL results in nearly the same increase as what was previously calculated using 3.7 percent as the measure of inflation, and thus the hourly rates will be awarded as requested.

performed from 2012-2017. *Id.*

Costs have also been incurred by Petitioner and Petitioner's counsel in the matter for record collection, expert opinions, and travel expenses. Petitioner requests $2,281.68 for personal costs incurred to travel to Washington, DC for the hearing. *See* Interim Fees App. at 3. The total costs requested for Petitioner's counsel is $38,690.73, of which $34,179.00 was incurred by Petitioner's expert, Dr. Lawrence Steinman. *Id.* at 31.

## ANALYSIS

### I.      Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all these criteria: it has been pending for more than three years, the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees. Petitioner's expert has also testified, making it appropriate to compensate him promptly.

### II.      Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be

"reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2012-2017, as detailed above. The attorneys practicing at the law firm of Mark Sadaka, located in Englewood, New Jersey, have repeatedly been found to be "in-forum" and therefore justified to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5] In addition, the hourly rates requested are in keeping with the rates that these attorneys have previously received in Vaccine Program. *See, e.g., Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2017 WL 2628169 (Fed. Cl. Spec. Mstr. May 25, 2017); *Berenji v. Sec'y of Health & Human Servs.*, No. 14-699V, 2016 WL 6818883 (Fed. Cl. Spec. Mstr. Oct. 21, 2016); *Purgason v. Sec'y of Health & Human Servs.*, No. 12-465, 2016 WL 4013680 (Fed. Cl. Spec. Mstr. June 30, 2016). I will therefore award the rates requested.

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[5] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

In addition, the hours expended on this matter appear to be reasonable for a case that has lasted more than three years, and required an entitlement hearing. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full.

## III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expenses incurred while traveling in relation to the claim. *Reginelli v. Sec'y of Health & Human Servs.*, No. 14-972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016). This also includes expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into several different categories. First, Petitioner requests a total of $34,179.00 for Dr. Steinman's expert work and expenses on this matter. *See* Interim Fees App. at 31. The remaining $4,511.73 was expended to obtain medical records and travel to the hearing. *Id.* at 30-31. Finally, Petitioner requests a total of $2,281.68 incurred personally to travel from Minnesota to Washington, DC to be present for the hearing.

While I generally find that the expenses requested are reasonable, I will make two reductions to the costs for Dr. Steinman. First, the invoices reveal that Dr. Steinman flew first class on his trips to and from Washington, DC. This practice has been rejected by the Program. *McCulloch*, 2015 WL 5634323 at *22. In order to obtain rough justice I will cut the amount billed by Dr. Steinman for flights ($1,239.40) by $500. I will also reduce the amount Dr. Steinman billed for his hotel stay for the hearing. It appears from the receipts that he stayed at an expensive hotel, charging over $500 per night ($1,190.00 for a two night stay). I will reduce that amount by $500 to create a total for lodging that is more reasonable and in line with amount incurred by Mr. Sadaka at a more modest hotel.

Dr. Steinman charged an hourly rate of $500 for 63.5 hours of work. *See* Interim Fees App. at 83. Dr. Steinman's rate of $500/hour is consistent with my previous awards and the awards of other special masters, reflecting the top rate experts receive in the Program. *See, e.g., Auch v. Sec'y of* 2017 WL 1718783, at *4 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); *Daniel v. Sec'y of Health & Human Servs.*, No. 10–745V, 2016 WL 7785955, at *3 n.9 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Pentcholov v. Sec'y of Health & Human Servs.*, No. 14–414V, 2016 WL 3197389, at *6 (Fed. Cl.

Spec. Mstr. Apr. 29, 2016); *Brown v. Sec'y of Health & Human Servs.*, No. 09–426V, 2012 WL 952268, at *10–11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012). Although Dr. Steinman billed for many hours in the case, it does not seem excessive given that he prepared three expert reports.

The remainder of the requested litigation costs, representing payments made for medical records, postage and copying costs, and approved travel-related expenses, appear to be reasonable and will be reimbursed in full. I also find that Petitioner's individual costs (travel expenses) are also reasonable and should be awarded in full as well. Incorporating the reductions made to Dr. Steinman's costs, I will award $37,690.73 for the costs incurred by Petitioner's counsel.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's fees and costs and award a total of **$120,805.69** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Mark Sadaka, Esq. I award separate costs payable to Leigh Rolshoven in the amount of **$2,281.68.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.