# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1144
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZACHARIAH OTTO,                          *
                                         *        Special Master Corcoran
                 Petitioner,             *
                                         *        Dated: October 5, 2018
v.                                       *
                                         *        Attorney's Fees and Costs;
                                         *        Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                 Respondent.             *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Ilene C. Albala*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 15, 2016, Zachariah Otto filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that the human papillomavirus ("HPV") vaccine he received on October 13, 2014, caused him to experience an adverse reaction, including but not limited to chronic fatigue or postural orthostatic intolerance syndrome ("POTS"). An entitlement hearing is scheduled for November 4–5, 2019, in Washington, DC.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $59,208.75 (representing $42,143.50 in attorney's fees plus $17,065.25 in costs). Mot. Interim Attorney's Fees and Costs at 4, Aug. 21, 2018, ECF No. 39 ("Interim Fees App.").

Respondent filed a Response to Petitioner's Motion on August 24, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response at 2, ECF No. 40. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id*. at 2–3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees in the amount of $42,143.50 and costs in the amount of $1,225.25, while deferring ruling on expert costs.

**Procedural History**

This action has been underway for over two years. *See* Pet. at 1, Sept. 15, 2016, ECF No. 1. Petitioner's attorney, Andrew Downing, Esq., began working on the matter on July 15, 2016, two months before the case was filed. Interim Fees App. Ex. A at 1. Following the initiation of formal proceedings on September 15, 2016, Respondent submitted his Rule 4(c) Report on February 13, 2017. ECF No. 10. Petitioner began filing medical records on October 3, 2016, ECF No. 6, and continued to submit supplemental medical records through late August 2018. *See, e.g.*, Ex. 49, Aug. 27, 2018, ECF No. 41.

Petitioner filed an initial expert report from Dr. Yehuda Shoenfeld on May 10, 2017. ECF No. 14. Respondent in turn filed expert reports from Drs. Andrew MacGinnitie and Gregory L. Holmes, as well as accompanying medical literature, on September 19, 2017. ECF Nos. 20–22. Petitioner thereafter filed a supplemental expert report from Dr. Mitchell Miglis on June 7, 2018, ECF No. 34, along with corresponding medical literature on July 3, 2018. ECF Nos. 35–36. I set the matter for an entitlement hearing to be held on November 4–5, 2019. Prehr'g Order, July 12, 2018, ECF No. 38.

In his request for an interim fees award, Petitioner specifically requests that Andrew Downing be compensated at a rate of $350 per hour for work performed in 2016, $375 per hour for work performed in 2017, and $385 per hour for work in 2018. Interim Fees App. Ex. A. at 46. He also requests that Courtney Van Cott receive $195 per hour for her work performed from 2015–17. *Id.* For the work of two paralegals, Petitioner requests compensation at a rate of $100 per hour for work performed from 2015–16, and $135 per hour for work performed in 2017. *Id.* Petitioner states that the requested hourly rates have previously been found to be reasonable by other special masters, and that no previous interim fees award has been awarded in this matter. *Id.* at 3–4.

Petitioner additionally requests $17,065.25 in attorney's costs (for obtaining medical records, expert fees, and other miscellaneous costs). *Id.* at 4; Interim Fees App. Ex. A at 33–37. Of that figure, $15,840.00 reflects expert costs incurred for the services of Drs. Shoenfeld and Miglis. *See* Interim Fees App. Ex. A at 37, 44.

**ANALYSIS**

## I. Legal Standard for Awarding Interim Fees and Costs

I have previously discussed at length the standards applicable to determining whether to award interim fees and costs. *See, e.g.*, *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees and costs may be awarded. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira*, 27 Fed. Cl. at 34; *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000, and 2) if the case has been pending for more than eighteen months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets all these criteria: it has been pending for roughly two years and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. Additionally, it is likely Petitioner will continue to incur additional attorney's fees and expert costs as this case proceeds to hearing.

## II. Appropriate Fees Award

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may, in their discretion, reduce attorney hours *sua sponte* without providing a petitioner notice and the opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira*, 27 Fed. Cl. at 34 (noting

that special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-step process. First, the special master uses the lodestar method ("multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate") to calculate a base award. *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the special master may adjust this lodestar amount as he sees fit based on certain relevant factors. *Id.* at 1348. This standard for calculating a fee award applies in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2016–18, as detailed above. The attorneys practicing at Van Cott & Talamante, located in Phoenix, Arizona, have repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Secretary of Health & Human Services*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and subsequently embraced by the Office of Special Masters.[4] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). In addition, other special masters (in reasoned and persuasive decisions) previously awarded the specific rates requested herein for the same time periods to Mr. Downing, his associates, and his paralegals. *See Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696 (Fed. Cl. Spec. Mstr. May 26, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Accordingly, the requested rates will be awarded.

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205–06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The *Davis County* exception is inapplicable here, however, because I have previously found that the attorneys in question should receive forum rates.

[4] The *McCulloch* hourly rate ranges for in-forum attorneys are set forth on the Vaccine Claims section of the United States Court of Federal Claims website. The rate schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Attorneys' Forum Hourly Rate Fee Schedules").

In addition (although, as noted below, I have some nascent concerns about the claim's ultimate viability), the majority of the hours expended on this matter (205.5 hours in total) appear to be reasonable for a case that has lasted roughly two years and requires an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full.

## III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs herein can be sorted into two different categories: costs to obtain medical records and expert costs. The former category shall be awarded in full, for a total of $1,225.25. The latter category, however, requires further scrutiny. Petitioner requests a total of $15,840.00 for Drs. Miglis and Shoenfeld. Interim Fees App. Ex. A at 44, 49–50. Dr. Miglis billed at a rate of $500 per hour for a total of $6,250.00, although he provides no breakdown of that sum or how it pertains to the requested rate. *Id*. at 49. Dr. Shoenfeld billed for fifteen hours at an hourly rate of $500 for a total of $7,500.00, plus a fee of $45.00 to wire the retainer money to his account. *Id*. at 50. Petitioner also requests reimbursement for a retainer fee of $2,000.00 paid to Dr. Shoenfeld, as well as an additional $45.00 wiring fee.

Neither requested rate greatly exceeds what experts are often paid for Program work, although $500 per hour is at the top of the general range for expert costs, at least as of the present, and Petitioner has not established that Dr. Miglis should receive that rate. However, I have more general reservations about the propriety of awarding these costs on an interim basis. First, the total sum in question for both expert's services does not meet my usual threshold (as set forth in the Initial Order in this case) of $15,000.00 incurred for expert costs pre-hearing. *See* Initial Order at 4, Sept. 16, 2016, ECF No. 4. Although the cost of these experts' services may be significant, it has not been demonstrated to be *so* burdensome that an interim costs award is appropriate.

Second, I have some concerns about the viability of the theories to be offered in this case in support of Petitioner's claim. This case will not be the first in which I hear experts attempt to establish a causal connection between the HPV vaccine and POTS or other forms of autonomic

dysfunction. *See, e.g.*, *Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2018 WL 2051760 (Fed. Cl. Spec. Mstr. Mar. 23, 2018); *Combs v. Sec'y of Health & Human Servs.*, No. 14-878V, 2019 WL 1581672 (Fed. Cl. Spec. Mstr. Feb. 15, 2018). To date, however, the causation theories advanced in such cases have proven unreliable and have accordingly not resulted in favorable decisions. *Johnson*, 2018 WL 2051760, at *24 (Dr. Shoenfeld's testimony on the association between HPV and POTS not deemed reliable). Although I am not yet prepared to definitively state that the claim lacks reasonable basis (and will likely reimburse these experts for their time at hearing), I will defer deciding whether their opinions are sufficiently of aid to resolution of this case until hearing. At that time, I will better be able to ascertain the extent to which the theories offered parrot back previously-rejected theories, as opposed to take into account (as reflected in my prior decisions) weaknesses that proved fatal to past, similar claims.

Therefore, I will only award a total of **$1,225.25** in costs. Petitioner may renew his request for expert costs after hearing.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| **Attorney's Fees** | $42,143.50 | $0 | $42,143.50 |
| **Litigation Costs** | $17,065.25 | $15,840.00 | $1,225.25 |
|  |  |  | **Grand Total: $43,368.75** |

I therefore award a total of **$43,368.75** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq., representing attorney's fees in the amount of $42,143.50, plus costs in the amount of $1,225.25.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.