# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-848V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * *   *
HOLLY D. PATEL,                          *            Filed:  April 11, 2019
                                         *
        Petitioner,                      *
                                         *
                                         *            Special Master Corcoran
v.                                       *
                                         *            Interim Attorney's Fees and
SECRETARY OF HEALTH AND                  *            Costs; Expert Rates.
HUMAN SERVICES,                          *
                                         *
        Respondent.                      *
                                         *
* * * * * * * * * * * * * * * * * * *   *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Glenn MacLeod*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 19, 2016, Holly Patel filed a Petition seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petitioner alleges that she suffers from chronic inflammatory demyelinating polyneuropathy as a result of an influenza vaccine administered to her in the U.K. on November 18, 2013. She now moves for an interim award of attorney's fees and costs, renewing a motion that I have twice deferred ruling on.

When this case was initiated in June 2016, Petitioner was represented by Mr. F. John

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to § 300aa of the Act.

Caldwell, Jr., of Maglio Christopher & Toale. While represented by Mr. Caldwell, Petitioner retained the expert services of neurologist Kazim A. Sheikh, M.D. No report from Dr. Sheikh was ultimately filed, however.

Petitioner replaced Mr. Caldwell with Mr. Andrew Downing of Van Cott & Talamante on February 20, 2018. At that time, she requested an interim fee award, in the amount of $28,737.27, for fees and costs incurred while Petitioner was represented by Mr. Caldwell. Interim Fees Mot. at 1–3, filed Feb. 14, 2018 (ECF No. 25). I deferred resolution of the motion, both due to my initial concerns about the claim's reasonable basis (in particular due to unresolved questions of whether the flu vaccine administered abroad was covered under the Vaccine Program), and because the case's procedural history and the amount of costs at issue led me to conclude that an interim award was not appropriate. *See* Order at 4–5, dated Mar. 15, 2018 (ECF No. 31).

Petitioner renewed her motion for interim fees several months later, now requesting reimbursement for work done by Mr. Downing and his colleagues *in addition* to the original sum requested for Mr. Caldwell's work. *See generally* Renewed Interim Fees Mot., filed Sept. 14, 2018 (ECF No. 51) ("First Renewed Mot."). Included in this renewed motion was request for payment of expert services rendered by a second neurologist, Laura Boylan, M.D. First Renewed Mot. Ex. A at 25, filed Sept. 14, 2018 (ECF No. 51-1). I again deferred resolution of an interim fees award, noting that present counsel had at that time worked on the case for only nine months, the sum requested was not extraordinarily high, and Petitioner herself has not borne any of the requested costs. *See* Order at 2–3, dated Oct. 3, 2018 (ECF No. 58). I stated at that time that an interim award would be appropriate once this matter had been scheduled for hearing. *Id.* at 3.

During a status conference on February 22, 2019, I expressed my intention to resolve this matter through a ruling on the record. I directed the parties to file briefs in support of their respective positions in the coming months. *See* Scheduling Order, dated Feb. 22, 2019 (docket entry). Petitioner has now renewed her motion for a second time, representing that she will incur no more expert costs. *See* Renewed Interim Fees Mot. at 1, filed Mar. 15, 2019 (ECF No. 71) ("Second Renewed Mot."). Petitioner supplemented her fees request with an additional filing two weeks later. *See* Supplement to Second Renewed Mot., filed Mar. 29, 2019 (ECF No. 72) ("Supp. Mot."). Petitioner now requests $68,400.97 for fees and costs incurred while represented by Mr. Downing (in addition to $28,737.27 for work and associated costs from her initial representation by Mr. Caldwell). *Id.* at 1; Second Renewed Mot. at 3. Respondent has deferred to my discretion resolution of the propriety of an interim award, as well as the reasonableness of any amount so awarded. *See* Response, filed Mar. 29, 2019 (ECF No. 73), at 2–3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding a total of **$93,475.57** in interim attorney's fees and costs.

**ANALYSIS**

**I.      Legal Standard for Awarding Interim Fees and Costs**

I have previously discussed at length the standards applicable to determining whether to award fees and costs on an interim basis. *See, e.g.*, *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before an interim award of fees may be requested and/or issued. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). While there is no presumption of entitlement to an interim award of fees and costs, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira*, 27 Fed. Cl. at 34.

I find that Petitioner has made a showing sufficient to justify an interim award of fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000.00, and 2) if the case has been pending for more than eighteen months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets these criteria: it has been pending for over two years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. Moreover, I noted in my October 3, 2018 Order deferring resolution of this matter that I would grant an interim fees and costs award once this matter had been set for hearing; a schedule has now been set for resolving this matter on the papers, suggesting that additional fees requests will not be forthcoming.[3] In addition, I find at this time that the matter possesses reasonable basis, so there is no other substantive grounds for denying fees.

**II.     Appropriate Fees Award**

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may, in their discretion, reduce attorney hours *sua sponte* without providing a petitioner notice and the opportunity to respond. *See Sabella v. Sec'y*

---

[3] Petitioner should take note that it is not my practice to allow multiple interim awards of fees and costs, however, and should therefore refrain from requesting another interim award again until the case fully concludes (even if subsequent briefing or other attorney work on the matter becomes necessary due to a motion for review).

*of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira*, 27 Fed. Cl. at 34 (noting that special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-step process. First, the special master uses the lodestar method ("multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate") to calculate a base award. *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the special master may adjust this amount as he sees fit based on certain relevant factors. *Id.* at 1348. This standard for calculating a fee award applies in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

## A. Initial representation by F. John Caldwell, Jr.

Petitioner requests $23,790.60 in attorney's fees for the entirety of the work done by Mr. Caldwell and his associates. Interim Fees Mot. at 1. As detailed in the submitted billing records, attorneys and paralegals at Maglio Christopher & Toale billed at the following hourly rates:

|  | **2016** | **2017** | **2018** |
| --- | --- | --- | --- |
| **Danielle Strait** | -- | -- | $322.00 |
| **Diana Stadelnikas** | $359.00 | -- | -- |
| **F. John Caldwell** | $356.00 | $367.00 | $391.00 |
| **Jessica Olins** | -- | -- | $184.00 |
| **Paralegals** | $105.00–$145.00 | $145.00 | $148.00 |

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for review denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205–06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The *Davis County* exception is inapplicable here, however, because I and other special masters have previously found that both Maglio Christopher & Toale attorneys and Van Cott & Talamante attorneys should receive forum rates.

*See generally* Ex. 18, filed Feb. 14, 2018 (ECF No. 25-2). The rates requested are largely consistent with what attorneys and paralegals from Maglio Christopher & Toale have been awarded in other Program decisions. *See, e.g.*, *Smith v. Sec'y of Health & Human Servs.*, No. 16-1699V, 2018 WL 6819555, at *1 (Fed. Cl. Spec. Mstr. Nov. 26, 2018) (awarding Ms. Strait $322.00 per hour for 2018 work); *Sturdivant v. Sec'y of Health & Human Servs.*, No. 16-1672V, 2019 WL 410600, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019) (awarding Ms. Stadelnikas $359.00 per hour for work in 2016 and awarding paralegal rates between $135.00 and $148.00 per hour). I note, however, that Mr. Caldwell billed at a rate of $391.00 for his work in 2018, which is higher than he has been awarded in other Program cases. *See, e.g.*, *Shaver v. Sec'y of Health & Human Servs.*, No. 10-515V, 2019 WL 1150526, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2019); *Roetto v. Sec'y of Health & Human Servs.*, No. 16-18V, 2018 WL 3031026, at *1–2 (Fed. Cl. Spec. Mstr. Mar. 29, 2018) (explaining that a rate of $391.00 per hour for Mr. Caldwell would be excessive "based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large" and reducing his hourly rate to $385.00). In the interest of consistency, I will reduce Mr. Caldwell's 2018 rate to $385.00, which results in a total reduction of **$21.00**.

The number of hours expended by Mr. Caldwell and his colleagues on the matter otherwise appears reasonable. I will make no further reductions beyond the adjustment to Mr. Caldwell's 2018 rate, and will award a total of **$23,769.60** in attorney's fees.

## B. Current representation by Andrew Downing

Petitioner seeks $41,493.50 in attorney's fees for the work done thus far by Mr. Downing and his associates. Second Renewed Mot. at 3. Mr. Downing and his associates billed at the following rates:

|  | **2018** | **2019** |
|---|---|---|
| **Andrew Downing** | $385.00 | $385.00 |
| **Courtney Van Cott** | $205.00 | $205.00 |
| **Paralegals** | $135.00 | $135.00 |

*See generally* First Renewed Mot. Ex. A; Second Renewed Mot. Ex. A, filed Mar. 15, 2019 (ECF No. 71-1). The rates requested for 2018 are consistent with what I have previously awarded to Mr. Downing, his associates, and his paralegals. *See, e.g.*, *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *3 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (awarding same rates as listed above for 2018); *Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2018 WL 4697098, at *3 (Fed. Cl. Spec. Mstr. Aug. 17, 2018) (same). As the rates requested for 2019 are the same as those for 2018, I find the 2019 rates to be reasonable as well. The hours expended also

appear appropriate in light of the case's complexity. Accordingly, I will award the requested attorney's fees in full, a sum of **$41,493.50**.

### III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). I will assess the reasonableness of the costs incurred by prior counsel and present counsel in turn.

#### A.  Initial representation by F. John Caldwell, Jr.

Petitioner requests $4,946.67 in costs incurred while she was represented by Mr. Caldwell. Interim Fees Mot. at 2. Of this sum, $3,250.00 was paid for the expert services of Dr. Sheikh, while the remaining $1,696.67 was spent on the filing fee for this matter, postage costs, and obtaining medical records. Ex. 19 at 1, filed Feb. 14, 2018 (ECF No. 25-3). Dr. Sheikh billed at a rate of $500 per hour for his services, which he has received for his work in several other Program cases. *See, e.g.*, *Robinson v. Sec'y of Health & Human Servs.*, No. 15-967V, 2018 WL 5629850, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2018); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-642V, 2017 WL 4585215 (Fed. Cl. Spec. Mstr. Sept. 21, 2017). I therefore find that a rate of $500 per hour is appropriate for Dr. Sheikh's work. As the non-expert costs incurred are also reasonable, I will award all requested costs in full, an award of **$4,946.67**.

#### B.  Current representation by Andrew Downing

Petitioner requests $27,507.47 in costs associated with Mr. Downing's work on this case. Supp. Mot. at 1. Of this amount, $25,450.00 covers the work done by Dr. Boylan, while the remaining $2,057.47 covers miscellaneous expenses such as legal research, postage, and medical record acquisition. First Renewed Mot. Ex. A at 23–25; Second Renewed Mot. Ex. A at 18–20; Supp. Mot. at 3. The miscellaneous non-expert expenses are reasonable, and I will accordingly award them in full.

However, although Petitioner did not provide itemized billing records for Dr. Boylan's work, she appears to have billed her time at a rate of $600 per hour. First Renewed Mot. Ex. A at 35; Supp. Mot. at 3. This is a higher rate than *any* expert in the Program has been awarded. I have previously found that $500 per hour is a reasonable rate for Dr. Boylan in light of her experience and credentials. *Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2018 WL 1835104, at *3 (Fed. Cl. Spec. Mstr. Feb. 16, 2018). I will again apply that rate here, awarding

$21,208.33 for her work performed on this case. This results in a total cost award of **$23,265.80**, a reduction of **$4,241.67**.

## CONCLUSION

In exercising the discretion afforded to me in determining the propriety of interim fee awards, and based on the foregoing analysis, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs, as follows:

|  | **Attorney's Fees** | **Costs** | **Total** |
|---|---|---|---|
| **F. John Caldwell, Jr.** | $23,769.60 | $4,946.67 | $28,716.27 |
| **Andrew Downing** | $41,493.50 | $23,265.80 | $64,759.30 |

I therefore award a total of $93,475.57 in interim fees and costs. Of this amount, **$28,716.27** shall be awarded in a lump sum in the form of a check jointly payable to Petitioner and prior counsel, Mr. F. John Caldwell, Jr., Esq., and **$64,759.30** shall be awarded in a lump sum in the form of a check jointly payable to Petitioner and present counsel, Mr. Andrew Downing, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.