# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 9, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
PAMELA HALBROOK,                      *      UNPUBLISHED
                                      *
            Petitioner,               *      No. 19-1572V
                                      *
v.                                    *      Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *      Attorneys' Fees and Costs;
AND HUMAN SERVICES,                   *      Influenza (Flu); Optic Neuritis
                                      *      (ON); Non-Arteritic Anterior
            Respondent.               *      Ischemic Optic Neuropathy
                                      *      (NAION); Reasonable Basis;
*  *  *  *  *  *  *  *  *  *  *  *  *  *      Special Master's Discretion.
```

*Kathleen M. Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
*Ronalda E. Kosh*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 11, 2021, Pamela Halbrook ("petitioner"), filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 28). For the reasons discussed below, I **GRANT** petitioner's motion and find that a reasonable final award of attorneys' fees and costs is **$13,885.43.**

## I.      Procedural History

On October 9, 2019, petitioner filed a timely petition for compensation within the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

influenza vaccination on October 24, 2016, she sustained optic neuritis.  Petition (ECF No. 1).  Petitioner also filed her medical records, which reflected that the treating providers initially diagnosed ON and maintained that assessment over time, despite noting that petitioner's presentation was somewhat "atypical."  *See, e.g.*, Pet. Ex. 4 at 121, 147, 173, 185, 202, 225, 227-28, 511.

On September 4, 2020, respondent filed his report pursuant to Vaccine Rule 4(c) in which he recommended against compensation of petitioner's claim.  *See* Respondent's ("Resp.") Report (ECF No. 22).  Respondent did not dispute petitioner's diagnosis of optic neuritis.  Rather, respondent averred only that petitioner's medical records did not support vaccine causation and that petitioner had not yet filed an expert report.  *Id.* at 5-8.  Accordingly, I directed petitioner to file an expert report.  Scheduling Order (Non-PDF) filed September 8, 2020.  On November 3, 2020, petitioner filed an unopposed motion for an extension of time to do so.  Pet. Mot. (ECF No. 23).  Petitioner advised that she had recently retained an expert, who was delayed in receiving imaging needed to fully assess her claim.  *Id.*  Petitioner requested an additional 30 days to file the expert's report, which was granted, *see* Order (Non-PDF) filed November 5, 2020.

Ultimately, petitioner did not file an expert report.  Instead on December 10, 2020, petitioner advised that Dr. Dean Cestari, a neuro-ophthalmologist affiliated with Harvard University, had completed his review and could not support a diagnosis of optic neuritis.  Dr. Cestari believed that petitioner's correct diagnosis was non-arteritic anterior ischemic optic neuropathy ("NAION").  Dr. Cestari could not opine in favor of vaccine causation for this condition.  Accordingly, petitioner requested a decision dismissing her claim for insufficient proof.  In seeking this relief, petitioner specifically asserted that the claim was brought with a reasonable basis given the numerous medical records reflecting a diagnosis of ON.  Petitioner also asserted that there is significant medical literature and case reports showing the correlation and causation between influenza vaccinations and ON.  *See* Pet. Mot. (ECF No. 24) at 1-2.  A decision granting petitioner's motion and dismissing her claim for insufficient proof was filed on December 10, 2020.  Dismissal Decision (ECF No. 25).

On February 11, 2021, petitioner filed the present motion for attorneys' fees and costs which requests $9,028.70 in attorneys' fees and $4,856.73 in attorneys' costs for a total request of $13,885.43.  Fees App. (ECF No. 28).  Petitioner included her signed statement that she has not paid any costs incurred as a result of the prosecution of the petition, in accordance with General Order #9.  Fees App. at 22.  Respondent filed a response on November 24, 2020. Resp. Response (ECF No. 29).  Respondent deferred to the Court regarding whether petitioner's claim possessed a reasonable basis during its pendency, as well as whether the requested attorneys' fees and costs are reasonable.  *Id.* at 3.  Petitioner did not file a reply.  This matter is ripe for adjudication.

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

## II. Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition. 42 U.S.C. § 300aa-15(e)(1). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## III. Analysis

I find no reason to doubt that this claim was filed in good faith and possessed reasonable basis during its limited pendency. Petitioner was initially assessed with optic neuritis and that diagnosis was carried forward in the medical records. Over time, the treating providers commented that petitioner's case was somewhat "atypical" for optic neuritis, but they did not propose a more appropriate diagnosis. Pet. Ex. 4 at 121, 147, 173, 185, 202, 225, 227-28, 511. Respondent did not dispute the diagnosis of optic neuritis in his report pursuant to Vaccine Rule 4(c), but only contended that petitioner had not yet established vaccine causation-in-fact. *See generally* Resp. Rep't. Petitioner avers that a claim for optic neuritis following flu vaccination would be feasible. Pet. Mot. at 2. Indeed, previous claims of this nature have been compensated.[3] However, in this case, when respondent averred that petitioner needed support

---

[3] *See, e.g.*, *Broughal v. Sec'y of Health & Human Servs.*, No. 16-318V, 2020 WL 7028599 (Fed. Cl. Spec. Mstr. November 4, 2020); *Hettish v. Sec'y of Health & Human Servs.*, No. 18-1207V, 2020 WL 3989088 (Fed. Cl. Spec.

from a qualified expert, petitioner duly retained Dr. Cestari. Upon reviewing the case, Dr. Cestari concluded that there was an alternative diagnosis for petitioner's condition – NAION – for which he could not support vaccine causation. *See* Pet. Mot. (ECF No. 24).[4] Dr. Cestari is well-qualified to provide a sophisticated review of this claim and provide an expert opinion. The subsequent attorneys' fees were necessary to bring the matter to its conclusion. Accordingly, the requested fees and costs are compensable.

## A. Attorneys' Costs

Petitioner requests that her counsel, Ms. Kathleen Loucks, receive an hourly rate of $349.00 for work performed in 2017; $358.00 in 2018; $360.00 in 2019; and $362.00 for 2020. Fees App. at 5. Special masters have previously awarded these rates to Ms. Loucks and I do not see cause to reduce them. *See, e.g.*, *Mitchell v. Sec'y of Health & Human Servs.*, No. 18-892V, 2020 WL 3046265 (Fed. Cl. Spec. Mstr. May 14, 2020). Ms. Loucks requests an increased rate of $365.00 for work performed in 2021, which is appropriate considering that she has gained an additional year of legal experience and the increased rate is consistent with some degree of inflation in the economy. Accordingly, her increased rate is awarded.

## B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner's attorney requests reimbursement of $4,856.73, representing the costs for obtaining petitioner's medical records, filing the petition, and for obtaining Dr. Cestari's expert review. Fees App. at 14. There is adequate documentation that petitioner's attorney incurred these costs. *Id.* at 15-21. While petitioner ultimately did not file an expert report from Dr. Cestari, he possesses appropriate qualifications to opine on the nature of petitioner's injury and he helped petitioner and her attorney to conclude that there was insufficient evidence of vaccine causation. Accordingly, the requested costs are reasonable and will be awarded.

## IV. Conclusion

In accordance with the above, petitioner's motion is **GRANTED**. Petitioner is awarded the following reasonable attorneys' fees and costs:

| | |
|---|---|
| **Attorneys' Fees Awarded:** | **$ 9,028.70** |
| **Attorneys' Costs Awarded:** | **$ 4,856.73** |
| **Attorneys' Fees and Costs Awarded:** | **$13,885.43** |

Mstr. June 17, 2020); *Gresham v. Sec'y of Health & Human Servs.*, No. 18-1711V, 2020 WL 2961932 (Fed. Cl. Spec. Mstr. April 29, 2020).

[4] Research did not locate any past reasoned opinions concerning NAION in the Vaccine Program. Dr. Cestari has published on this condition and has commented that: "systemic hypertension is by far the main modifiable vascular risk factor for this disease, which is consistent with the vascular hypothesis of NAION." *See* Stuart A., *News in Review: Risk Factors for NAION Identified*, in American Academy of Ophthalmology – EyeNet Magazine (December 2016), https://www.aao.org/eyenet/article/risk-factors-naion-identified (last accessed March 8, 2021).

**Accordingly, I award a lump sum in the amount of $13,885.43, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check jointly payable to petitioner and her attorney Kathleen M. Loucks.**[5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney in a case including, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).