# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-887V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * *

ALEX BECHEL and TESS BECHEL,       \*
*parents of* G.J.B., *a minor*,       \*

     \*

         Petitioners,       \*

     \*

v.       \*

     \*

     \*

SECRETARY OF HEALTH AND       \*
HUMAN SERVICES,       \*

     \*

         Respondent.       \*

     \*

Chief Special Master Corcoran

Dated: August 1, 2022

* * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioners.

*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 26, 2016, Alex and Tess Bechel filed a petition as parents of G.J.B., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that G.J.B. experienced encephalopathy, epilepsy, seizures, delirium, confusion,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

altered mental state, and other injuries due to the administration of several vaccines on July 29, 2013. Pet. at 1–2 (ECF No. 1).

The matter is still pending and undecided. It was previously before another special master, then transferred to me in early 2021. I set the case down for an entitlement hearing, to be held in February 2022. However, in November 2021, Petitioners' initial counsel, Mr. Otwell Rankin, informed me of his intent to withdraw from the matter, and in the ensuing course of time it was determined that the case should be resolved on the papers rather than after a trial. In spring 2022, new counsel appeared on Petitioners' behalf. Motion, dated Mar. 7, 2022 (ECF No. 71).

Petitioners have now filed a motion for an interim award of attorney's fees and costs (amended after some missing items of proof were identified)—the first fees request since the claim's initiation six years ago. Motion, dated July 15, 2022 (ECF No. 77) ("Interim Fees Mot."). Petitioners specifically request $78,405.06 in fees for the work of their prior attorneys plus a paralegal, from 2016 through March 2022. *Id.* at 2. Petitioners also seeks $30,186.58 in costs, largely attributable to the expenses incurred from the preparation of multiple expert reports. Ex. 96 at 16–17 (ECF No. 77-3). Respondent reacted to the interim fees request on March 4, 2022. *See* Response, dated Mar. 4, 2022 (ECF No. 70) ("Response"). Respondent requests I determine whether Petitioners are entitled to an award, and that I use my discretion in determining a reasonable award if one is deemed appropriate. Response at 3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion in part, awarding fees and costs in the total amount of **$85,691.33** ($55,504.75 in attorney's fees and $30,186.58 in costs).

**ANALYSIS**

## I.      Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards as when fees are sought in unsuccessful cases (since the matter literally has yet to "succeed"). *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Some specific criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioners have made a showing sufficient to justify an award of interim fees and costs. The case has been pending for about five and a half years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. Another important factor here is that Petitioners' initial counsel is now withdrawing in the case, thus presenting circumstances for completing their role in the matter. I otherwise find no reason to question the claim's reasonable basis at this time.

## II. Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

### A. *Rate Adjustments*

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners requests the following rates for her initial attorneys, based on the years work was performed:

| | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| **Mr. Otwell Rankin** | $279.33 | $290.50 | $351.67 | $365.74 | $380.37 | $395.58 | $484.13 | $503.50 | $523.64 |
| **Ms. Barbara Bonar** | $432.91 | $450.22 | $468.23 | $487.13 | $506.62 | $526.88 | $547.96 | $569.88 | $592.66 |
| **Paralegal** | - | - | $135.00 | $145.00 | - | $145.00 | - | - | $145.00 |

Ex. 96 at 1–15.

Mr. Rankin and Ms. Bonar practice in Covington, Kentucky, which is part of the Cincinnati, Ohio metropolitan area. Accordingly, the rates are compared to the District of Columbia to determine if they are significantly different. *See Avera*, 515 F.3d at 1349. On several occasions this analysis has been performed, but it has been determined that non-forum rates are appropriate. *See Johnson v. Sec'y of Health & Hum. Servs.*, No. 16-1449V, 2021 WL 4737466, at *16 n.14 (Fed. Cl. Spec. Mstr. Aug. 13, 2021) (stating "this is at least the fourth time counsel's rates have required adjustment by the Court."); *Windhorst v. Sec'y of Health & Hum. Servs.*, No. 13-647V, 2017 WL 4768125 (Fed. Cl. Spec. Mstr. Sept. 27, 2017); *Jones v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016). I otherwise will apply rates that have been previously awarded to these counsel in other Vaccine Act cases and will make adjustments for "new" years consistent with what they received before.

In light of the above, I will compensate withdrawing counsel at the following adjusted hourly rates (with no adjustment to paralegal rates, which are appropriate and track what has been awarded in prior cases):

| | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| **Mr. Otwell Rankin** | $250.00 | $250.00 | $250.00 | $281.00 | $291.00 | $297.00 | $337.00 | $360.00 | $375.00 |
| **Ms. Barbara Bonar** | $385.00 | $385.00 | $385.00 | $395.00 | $410.00 | $418.00 | $436.00 | $465.00 | $484.00 |

Based upon the adjusted rates, the total amount of attorney's fees recoverable is reduced to $60,334.20.[3]

B.      *Improperly-Billed Attorney Time*

Besides the aforementioned rate adjustments, I will also disallow certain inappropriately-billed attorney time. First, some rates were billed at an attorney rate for paralegal-type work, such as travel time to obtain medical records or phone calls to the Clerk's office about filing issues. *See e.g.*, *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9–10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20–21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5–7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Specifically, I have identified 2.2 hours of work devoted to paralegal-level tasks. *See e.g.*, Ex. 96 at 2 (July 18, 2016, bill for driving to pick up medical records). This results in a reduction of $259.30,[4] reducing the total recoverable amount of fees to $60,074.90.

Second, the billing invoices reveal a number of instances in which Ms. Bonar overbilled for a variety of matters. In particular, she in several cases appears to have devoted more time to a specific task than the more junior Mr. Rankin, or performed tasks that (from their invoice descriptions) cannot be ascertained to reflect proper attorney utilization. *See e.g.*, Ex. 96 at 8 (November 29, 2018, Ms. Bonar billed 2.8 hours for supplemental reports while Mr. Rankin billed 1.5 hours). I have totaled these objectionable instances and will permit recovery of only one-half the time at issue (5.6 hours) as a reasonable reduction specifically tailored to what is objectionable about these billing instances, resulting in a total deduction of $2,290.45 (thus further reducing recoverable fees to $57,784.45).

Finally, a deduction of $29.70 is needed for duplicated billing between counsel that appears to have occurred on February 22, 2019. Ex. 96 at 9. And I will reduce the amount of time spent on the interim attorney's fees request, deeming 12 hours excessive and awarding instead only six hours as appropriate, awarding only $2,250. This brings the total of recoverable attorney's fees to **$55,504.75.**

---

[3] The time put forth in the bill was used and multiplied by the corrected rates to get the new total.

[4] A total of 1.9 hours were in 2016 that should be paralegal time, meaning the corrected rate of $250 per year would be $475, however using the paralegal rate of $135 the amount is $256.50. In 2017 0.3 hours were adjusted to paralegal hours. The rate for that year is $281 with a total of $84.3, with the paralegal rate of $145.00 being $43.5. Therefore, a reduction of $259.30.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at \*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at \*4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seeks $30,186.58 in costs incurred since the claim's filing, including medical record retrieval costs, filing fee, postage, and expert fees for Drs. Marcel Kinsborne and Vera Byers. Ex. 96 at 16–17. Dr. Kinsbourne charged a rate of $500.00 per hour, with a $2,000.00 retainer. *Id.* at 18–19. He performed a total of 32 hours of work resulting in $16,000 billed to the matter (exclusive of the retained). *Id.* Dr. Beyers charged a rate of $400.00 per hour, with a total of 27.5 hours, billing $11,000.00. *Id.* at 23. I find both of these requested amounts reasonable under the circumstances. Further, the other litigation costs were typical and reasonable of the Program. Therefore, I find the full amount of costs requested to be appropriately awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Interim Motion for Attorney's Fees and Costs, and award a total of **$85,691.33** reflecting $55,504.75 in attorney's fees and $30,186.58 in costs, in the form of a check made jointly payable to Petitioners and their prior attorney, Mr. Otwell Rankin. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.